## Ranzier, Appellant, v. Monongahela River Consolidated Coal & Coke Company.

*Negligence—Mines and mining—Master and servant—Employee—Operation of motor—Walking on tracks—Duty to look—Contributory negligence—Judgment non obstante veredicto.*

1. It is the duty of an employee working in a mine to look before going in a place of danger. Where he steps in front of a moving car without looking for the danger that immediately confronted him, he is guilty of contributory negligence unless there is something in the circumstances to absolve him from the duty to look.

2. In an action against a mining company to recover damages for personal injuries sustained by a seventeen year old boy who had been employed in defendant's mine for a period of a year, the court did not err in holding the plaintiff guilty of contributory negligence and in entering judgment for defendant non obstante veredicto, where it appeared that on the evening of the accident the plaintiff and two other workmen were leaving the mine by way of a parting on which were located two tracks, owing to an obstruction in the traveling-way used as a usual means of exit; that while they were walking along, two trains, one on each track, were started in opposite directions, and the plaintiff and his companions were compelled to step between the tracks in a space of two feet where they remained standing until one of the trains had passed, there being apparently no other place of safety; that immediately on the passing of the last car of the out-bound train, according to the plaintiff's testimony, he stepped upon the track upon which the train had just passed and was instantly struck by a motor car which was being hauled with the train, and which was connected with the last car by a rope; that the driver, who sat on the front end of the motor, had a lighted lamp in his cap, and that the plaintiff and his two companions who stood beside him, had lighted lamps in their caps, furnishing sufficient light for the plaintiff to have seen the approaching car had he stopped to look.

Argued Oct. 19, 1914. Appeals, Nos. 198 and 199, Oct. T., 1914, by plaintiff, from judgment of C. P., No. 4, Allegheny Co., 4th T., 1910, No. 649, for defendant non obstante veredicto in case of William Ranzier, by his next friend and mother, Filomena Ranzier, and Filomena Ranzier v. Monongahela River Consolidated Coal & Coke Company, a corporation. Before FELL, C. J., ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Trespass for personal injuries. Before CARNAHAN, J.

From the record it appeared that the plaintiff was employed as a coal loader in defendant's mine. His proper course of entrance and exit, provided in accordance with law, was over the main haulage-way and a side traveling-way. On leaving the mine in the evening, he would use the traveling-way, until he had passed the parting, and then his course was over the main haulage-

way. On the evening of the day of the injury, the traveling-way was blocked. Plaintiff testified that there was a sign of danger posted at the place of obstruction, and an arrow pointing toward the parting, on the main haulage-way. He had used the traveling-way up to the place where it was obstructed, and finding it impossible to proceed farther on that way, followed the course indicated by the arrow and proceeded to the parting. Two men were with him. The parting was 600 feet long and 20 feet wide. On it were two tracks. On one of the tracks was standing a train of loaded cars to be taken out of the mine. The two men and the plaintiff walked along the unoccupied track toward the mouth of the mine, a distance of 45 or 50 feet, when they reached a train of cars standing upon that track. The two trains were then started in opposite directions, and the three persons on the track, in front of the train of empty cars, were obliged to step between the in-bound and out-bound tracks, in a space two feet wide, where they remained standing until one of the trains had passed them. There was no other place of apparent safety for them to go. Immediately on the passing of the last car of the loaded train, according to the plaintiff's testimony, he stepped upon the track on which the train had just passed, and was instantly struck by a motor car which was being hauled by the train, and which was connected with the last car by a rope 14 feet long. Plaintiff did not know that motor cars were ever hauled in that way, in any mine, and assuming that there was nothing back of the last car, he did not look to see whether there was or was not any approaching danger. The light was dim and he could not have seen the motor without looking. The testimony of the man who had charge of the motor is that he was on it at the time, that he had a lighted lamp on his cap, that he saw the plaintiff, and that he endeavored to warn him of his danger by shouting at him.

Verdict for the plaintiff, Filomena Ranzier for $1,000 and for William Ranzier for $3,000. The court subsequently entered judgment for the defendant non obstante veredicto. Plaintiff appealed.

*Error assigned* was in entering judgment for defendant n. o. v.

*Fred W. Scott,* of *Scott & Purdy,* for appellant.

*Don Rose,* of *Johnston & Rose,* for appellee.—The plaintiff was guilty of contributory negligence: Damikas v. Standard Steel Car Co., 15 Pa. D. R. 719; McDonald v. Rockhill Iron & Coal Co., 135 Pa. 1; Budnar v. Mineral Railroad & Mining Co., 245 Pa. 583; Hoffman v. Penna. R. R. Co., 215 Pa. 62; Kuhns v. Frick Coke Co., 216 Pa. 385.

OPINION BY MR. JUSTICE ELKIN, January 2, 1915:

The precise question for decision here is whether the contributory negligence of the injured person was one of law for the court or of fact for the jury. At the trial this question was submitted to the jury which resulted in a verdict for plaintiffs, but upon motion for a new trial and for judgment non obstante veredicto, the learned trial judge entered judgment for defendant. In charging the jury the trial judge said in substance that he was in doubt as to what disposition he should make of this question, but that he had concluded to submit it for their consideration, and if he subsequently found this to be error, it could be corrected by entering judgment non obstante. After mature and careful consideration the trial judge concluded that the undisputed evidence convinced him that the injured employee was so clearly guilty of contributory negligence as to prevent a recovery of damages for the injuries sustained. This conclusion was based upon the fact that William Ranzier, the injured person, by his own admission had with-

out looking stepped, or was about to step, upon the siding over which the trip of empty cars had just passed, and upon which the motor was being hauled, and that he was immediately struck by the corner of the motor nearest him. This put him in the position of one stepping right in front of a moving car without looking for the danger that immediately confronted him, and under the well-settled rule of all our cases he was guilty of contributory negligence unless there was something in the circumstances to absolve him from the duty to look. It is argued that the accident occurred in a coal mine where the light was dim, and that if he had looked he could not have seen the motor which struck him. But the testimony shows that the driver who sat on the front end of the motor had a lighted lamp in his cap, and that the injured party and two other employees who stood beside him had lighted lamps in their caps, and certainly these small lamps furnished sufficient light to see the approaching car if plaintiff had looked before stepping in front of it. It is suggested that the duty of looking did not devolve upon plaintiff because he was in a place of danger in a coal mine, and that it was at least for the jury to say whether he exercised the care which the law requires under the peculiar circumstances of the case. This contention is answered by McDonald v. Rockhill Iron and Coal Co., 135 Pa. 1. In that case Mr. Justice GREEN, who delivered the opinion of the court, said: "The plaintiff was down in a coal mine. He was at the foot of a shaft in which rapidly moving, heavy cages were constantly running during working hours; the light was necessarily dim; the danger was certain and manifest, unless precautions were used; there was nothing to invite carelessness, everything to suggest care; the duty of care was even greater than in the case of crossing a railroad track, for there everything can be easily seen, whereas, here the looking must be more intent, more patient, more cautious, in order to insure safety." It is true that the danger in the present case

may not have been so manifest as it was in the case just cited, but without reference to the question of manifest danger, that case squarely rules that it is the duty of an employee working in a coal mine to look before going in a place of danger. We cannot escape the conviction that if the plaintiff had exercised ordinary care by looking before attempting to step upon the siding he would have seen the approaching motor with the driver sitting on the front end with a lighted lamp in his cap, and if so, he could have remained where he was standing without injury until the motor had passed.

It may be conceded that this case is not free from difficulty, but we are impressed with the exhaustive and careful consideration given it by the learned court below, and upon the whole record we cannot say that there was any reversible error in the conclusion reached.

Judgments affirmed.